UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-03943-RGK-BFM | Date | May 24, 2024 |
|---|---|---|---|
| Title | *Araceli Litman v. AEG Holdco, LLC et al.* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**  (IN CHAMBERS) Order to Show Cause Re: Amount in Controversy [DE 1]

On April 3, 2024, Araceli Litman ("Plaintiff") filed a Complaint against AEG Holdco, LLC and McLarens, LLC (collectively, "Defendants") in Los Angeles County Superior Court alleging wrongful termination and violations of state wage and hour laws. On May 10, 2024, Defendants removed the action to this Court on the basis of diversity jurisdiction.

Pursuant to 28 U.S.C. § 1332, a district court shall have original jurisdiction over any civil action where the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different States. After a plaintiff files an action in state court, the defendant attempting to remove the action bears the burden of proving the amount in controversy requirement has been met. *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 793 (9th Cir. 2018) (citing *Urbino v. Orkin Servs. of Cal., Inc.*, 726 F.3d 1118, 1121–22 (9th Cir. 2013)).

Courts must "strictly construe the removal statute against removal jurisdiction" and remand an action "if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). However, "[w]hen a notice of removal plausibly alleges a basis for federal court jurisdiction, a district court may not remand the case back to state court without first giving the defendant an opportunity to show by a preponderance of the evidence that the jurisdictional requirements are satisfied." *Arias v. Residence Inn*, 936 F.3d 920, 924 (9th Cir. 2019). "A shortcoming in a notice of removal concerning the amount in controversy is not jurisdictional . . . until the movant has an opportunity to correct any perceived deficiency in the notice," and the notice need not in and of itself prove that the district court has jurisdiction. *Acad. of Country Music v. Cont'l Cas. Co.*, 991 F.3d 1059, 1068 (9th Cir. 2021).

Plaintiff seeks damages for lost wages, emotional distress, civil penalties, punitive damages, and attorneys' fees. Plaintiff was terminated on December 4, 2023, and according to Defendants, before termination Plaintiff was paid at the rate of approximately $107,442 per year. Thus, Plaintiff's lost

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-03943-RGK-BFM | Date | May 24, 2024 |
|---|---|---|---|
| Title | *Araceli Litman v. AEG Holdco, LLC et al.* | | |

wages from the date of termination to the date of removal amount to roughly $46,509.[1] However, Defendants assume Plaintiff would recover two years of lost wages for front pay and back pay totaling $214,884. Defendants also argue Plaintiff could obtain additional damages for emotional distress, attorneys' fees, and punitive damages. In all, Defendants argue the amount in controversy is $369,884.

Upon review of Defendants' arguments, the Court finds that Defendants fail to adequately prove that the amount in controversy exceeds $75,000 by a preponderance of the evidence. With $46,509 as a starting point, and no supporting evidence regarding the other forms of damages requested, Defendants do not meet the minimum amount in controversy. With respect to loss of future income, Defendants provide nothing to support its speculation that Plaintiff could be entitled to recovery of two year's salary. With respect to emotional distress, punitive damages, and attorneys' fees, Defendants improperly rely on unrelated cases involving different facts.[2]

For the foregoing reasons, Defendants have not satisfied its burden of plausibly alleging that the amount in controversy meets the jurisdictional requirement. The Court is skeptical that Defendants can prove by a preponderance of evidence that this requirement is met. Accordingly, the Court **ORDERS** Defendants **to show cause in writing** why the jurisdictional requirements are or are not satisfied. Such a response **shall not exceed five pages** and must be submitted within **six days of this Order's issuance**.

**IT IS SO ORDERED.**

|  | : |  |
|---|---|---|
| Initials of Preparer | | JRE/dc |

---

[1] $107,442 divided by 365 days, then multiplied by 158 days (between termination and removal) equals $46,509.
[2] District courts within the Ninth Circuit are split on whether to include prospective attorneys' fees in the amount in controversy, and some courts have declined to do so. *See, e.g., MIC Philberts Invs.v. Am. Cas. Co of Reading, Pa.*, 2012 WL 2118239 at *5 (E.D. Cal. June 11, 2012). In those cases, the courts have found that attorneys' fees are in the control of the client and counsel and may be avoided or accrue over years, depending on legal strategy. *See Grieff v. Brigandi Coin Co.*, 2014 WL 2608209 at *3 (W.D. Wash. June 11, 2014). The Court finds those holdings well-reasoned and finds that prospective attorneys' fees are too speculative for inclusion into amount in controversy.